See also D.C., 295 F.Supp. 943; D.C., 310 F.Supp. 327.

**Charles KING, Paul Brown, Sammie Lee Davenport, Ed Dulaney, and Rufus Mitchell**

v.

**GEORGIA POWER COMPANY and Local 84, International Brotherhood of Electrical Workers.**

**Willie C. MOREMAN**

v.

**GEORGIA POWER COMPANY and Local 84, International Brotherhood of Electrical Workers.**

Civ. A. Nos. 11723, 12185.

United States District Court, N. D. Georgia, Atlanta Division.

Jan. 23, 1970.

---

Isabel Gates Webster, Moore & Rind-skopf, James W. Hawkins, Atlanta, Ga., Matthew Perry, NAACP Special Counsel, Columbia, S. C., for plaintiffs.

Constangy & Prowell, Atlanta, Ga., for Georgia Power Co.

Robert L. Mitchell, Atlanta, Ga., for Local 84.

Daniel Steiner, Gen. Counsel, Lee A. Satterfield, Atty., Equal Employment Opportunity Commission, Washington, D. C., for Equal Employment Opportunity Commission.

SIDNEY O. SMITH, Jr., Chief Judge.

In these actions brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e et seq., a pre-trial order was entered on August 18, 1969, in anticipation of trial in December, 1969, or January, 1970. Accordingly, that Order provided for free discovery until November 1, 1969. On November 20, 1969, plaintiffs served a second set of interrogatories on the defendant, to certain of which defendant has objected.

■ Defendant's objection that the interrogatories were not timely filed has been overruled by the Court's Order of December 1, 1969, extending the time for discovery to December 15, 1969, in view of postponement of trial. As defendant points out, the purpose of setting a time limit on discovery in advance of trial is to assure both sides an opportunity immediately before trial to en-

gage in orderly, final trial preparation, uninterrupted by a flurry of "midnight" discovery. This purpose is not frustrated by the extension requested and granted.

Defendant objects that interrogatory number 1 seeks the same or similar information as that supplied by defendant's answer to Plaintiffs' First Interrogatories IV(A), VI, VIII and IX(A), especially Exhibits 1 and 2 therein. Its argument is that therefore (Second) interrogatory number 1 is burdensome and oppressive.

■ Plaintiffs' First Interrogatories number IV(A) and VI asked defendant to describe with some detail the lines of progression at defendant's Atlanta Plant as they existed on two different dates, and to identify the occupants of the various jobs in each line, as of each date. Interrogatories number VIII and IX(A) asked defendant to describe in similar detail the seniority system and any other criteria used for filling job vacancies in a line of progression, as of the two different dates specified in number IV. Defendant answered by providing copies of the collective bargaining agreements in force on the applicable dates, and a list of the employees at the Atlanta Plant on a then-current date, with the statement that "most" of them were at the Plant at the earlier date. The answer stated generally that the prerequisites for promotion to vacancies were "competency, bidding and other prerequisites set out in the contract." Plaintiffs' Second Interrogatory number 1 asks for detailed information that was arguably not requested by the earlier interrogatories, and clearly was not provided in the earlier answer. The most recent interrogatory really asks defendant to specify in detail how the provisions of the collective bargaining agreement are applied. Although preparation of a direct answer will be time-consuming, and probably costly, the information is crucial to the issues of this suit, and is in the exclusive custody of the defend-

ant. *Cf.* 4 Moore's Federal Practice ¶ 33.20 (2d Ed.1966). Accordingly, defendant's objection to Plaintiffs' Second Interrogatory Number 1 is overruled.

■ Plaintiffs' Second Interrogatory Number 2 asks defendant to supply a seniority list of all of its employees, specifying the race of each. The list of all employees at the Atlanta Plant, furnished by defendant earlier, does not give the race of éach. Furthermore, in order to determine an individual's seniority, plaintiffs would have to calculate from the dates of employment and transfer given on the earlier list, whereas they are entitled to know the *company's* seniority rating for each individual. Plaintiffs would not have available for such calculations information as to factors such as layoffs which might affect seniority. It follows that the information sought by this interrogatory is not overly repetitive; nor is the task of answering unduly burdensome.

■ Defendant's objection that the information sought by this interrogatory is irrelevant is without merit. The full significance of the seniority of class members appears only in light of the seniority of other employees at this Plant.

Defendant also objects that plaintiffs are trying to obtain by Rule 33 a writing or document they should only be able to see after showing good cause under Rule 34. To the contrary, plaintiffs have merely asked defendant to designate the seniority and race of every employee at the Atlanta Plant. For the reasons specified above, this task is not unduly burdensome. *See* 4 Moore's Federal Practice ¶ 33.20 (2d Ed.1966). Moreover, even if it be considered that plaintiffs seek a writing or document, good cause within the purview of Federal Rules of Civil Procedure 34 has been shown; not only is the information within the document relevant, but it is within the exclusive custody of the defendant. There is no other means of obtaining it, save from the Union, the

other defendant in this action. *See* 4 Moore's Federal Practice ¶ 34.08, 2479–2481 (2d Ed.1966). Accordingly, defendant's objections to interrogatory number 2 are overruled.

■ ·Plaintiffs' Second Interrogatory number 3 asks defendant to list the names of all persons who administered, scored and evaluated the results of certain tests given by the company. The interrogatory also asks for the instructions given each testee, and for the qualifications of those who administered the tests and evaluated the results. Defendant objects that the same information was requested by and given in response to Plaintiffs' First Interrogatories Number XI(B) (9) and XIV(F), and that therefore the interrogatory is burdensome and oppressive; it argues, secondly, that the information sought is in part irrelevant, since plaintiffs seek such information regarding individuals outside plaintiffs' class ("For *each person* who took the * * * [tests] * * * since August 19, 1963, please give * * *" (emphasis added)); defendant urges, thirdly, that the interrogatory seeks information regarding practices prior to July 2, 1965, the effective date of the Civil Rights Act of 1964.

The Court agrees with plaintiffs that the defendant's answers to the earlier interrogatories did not provide the detail now requested. And the manner in which tests were administered to class members may be more meaningful in the context of how such tests were administered to non-class members. Finally, practices of the Company prior to July 2, 1965, are not automatically irrelevant in an individual Title VII action. In Evans v. Local Union No. 2127, IBEW, 313 F. Supp. 1354 (N.D.Ga.1969), this Court ruled that for the purposes of discovery in a civil action such as this one, the effective date of Title VII was not any sort of cutoff date, and that aggrieved individuals bringing their own civil action could inquire into policies and practices engaged in by the defendant company up to five years before the effective date of the Act. *Id.* at 313 F.Supp. 1360. The Court's decision there relied strongly upon the Order entered herein on August 7, 1968. Accordingly, defendant's objections to Plaintiffs' Second Interrogatory Number 3 are overruled.

■ Defendant objects that Plaintiffs' Second Interrogatory number 4 is repetitive, and therefore unduly burdensome and oppressive, since the information therein sought was provided by defendant in answering Plaintiffs' First Interrogatory Number XI, and in Exhibit 5 attached thereto. Neither the answer nor the Exhibit indicate whether different scores on the test(s) are, when testing is required for promotion, required for promotion to higher levels in any line of progression. Between the answers to previous interrogatories (i. e. XI(B) 9 and XIV(F), and the answer to Plaintiffs' Second Interrogatory number 3, plaintiffs will have the names of all persons who administer or score the tests. Accordingly, defendant's objection to interrogatory number 4 is partially overruled, but partially sustained. Defendant should indicate whether different scores are required for promotion to different levels, and if so, should give those scores for each line of progression, as requested.

■ Plaintiffs' Second Interrogatory number 6 asks defendant to describe the findings of consultants it has hired to analyze certain employment tests it has been using. The request is tantamount to asking for production of the report of those findings. It is well settled that the production of books, documents or tangible things cannot be obtained by service of interrogatories, but that a proper showing of good cause must be made pursuant to Federal Rules of Civil Procedure 34. 4 Moore's Federal Practice ¶ 33.22, 2381 (2d Ed.1968). It follows that defendant's objection must be, and hereby is, sustained.

In anticipation of the problem raised by a motion to produce, it is well to state

here that the Court would be inclined to grant plaintiffs' motion on a proper showing, but to require defendant to produce the report for the Court's perusal *in camera*. Admittedly, the report of these consultants seems likely to consist of pure analysis and conclusions: the tests themselves apparently constitute the facts upon which the conclusions would be based. However, expert opinion and analysis of these tests will likely be the heart of the testing issue, and therefore it ought to be available to both sides before trial, to assure efficient examination and cross-examination of the witness. 4 Moore's Federal Practice ¶ 26.24, 1535 n. 31 (2d Ed.1962); *see also* Franks v. National Dairy Products Corp., 41 F.R.D. 234 (W.D.Tex.1966); United States v. 23.76 Acres, 32 F.R.D. 593 (D.Md.1963).

Plaintiffs' Second Interrogatory number 7 asks the defendant to list all vacancies which occurred in the Atlanta Plant after 1963, and for each vacancy, to show the race and seniority of all bidders, including the successful one. Defendant's objection that this interrogatory seeks information regarding acts which occurred or policies which were in effect prior to enactment of Title VII cannot be sustained. The same argument was rejected when voiced against interrogatory number 3, *supra*. Neither does interrogatory number 7 seek production of documents ordinarily obtainable only after showing good cause, pursuant to Federal Rules of Civil Procedure 34. A party cannot refuse to answer an interrogatory simply because he would have to consult books or documents in order to prepare a response. 4 Moore's Federal Practice ¶ 33.22, 2381, n. 4 (2d Ed.1968).

However defendant validly objects that to prepare an answer to this interrogatory, he would have to spend an inordinate amount of time securing information only some of which may be relevant. The interrogatory should be limited to vacancies upon which members of the effected class have bid. Accordingly, defendant's objection to interrogatory number 7 is on this ground sustained, and defendant need answer only to the extent the Court has indicated.

The only objection to Plaintiffs' Second Interrogatory number 8 is that it seeks information regarding acts and policies before enactment of Title VII. In connection with interrogatories 3 and 7, this objection has been overruled. For the same reasons, it is overruled here.

As a suggestion by the court and in order to conserve time for the defendant, a conference by counsel on discovery might be helpful to resolve some of these issues orally or by copying existing records. The questions of seniority, et al. are clearly before the court under current Fifth Circuit opinions. See Local 189, United Papermakers and Paperworkers, AFL–CIO, CLC v. United States by Mitchell, 5 Cir., 416 F.2d 980.

Admittedly, compilation of such data is burdensome but clearly relevant and, therefore, discoverable.

It is so ordered.