**Christine CULLINS, individually and on behalf of all other persons similarly situated, Plaintiffs,**

**v.**

**Margaret HECKLER, in her capacity as Secretary of the United States Department of Health and Human Services; Martha McSteen, in her capacity as Commissioner of the Social Security Administration; and Peter Disturco, in his capacity as Regional Commissioner of the Social Security Administration, Defendants.**

**No. 84 Civ. 5094 (CBM).**

United States District Court,
S.D. New York.

Nov. 14, 1985.

Legal Services for the Elderly by Toby Golick, Bronx Legal Services by Lucy Billings, New York City, for plaintiffs.

Rudolph W. Giuliani, U.S. Atty., S.D.N.Y. by Gerald T. Ford, Donna L. Lieberman, New York City, for U.S.

MEMORANDUM OPINION

MOTLEY, Chief Judge.

Plaintiffs' motion for an award of attorney fees in connection with a pretrial discovery matter is now before the court. In the main action plaintiffs are suing the Secretary of Health and Human Services and various Social Security Administration officials regarding the government's method of recouping certain overpayments to Supplemental Security Income (S.S.I.) beneficiaries. The discovery motion underlying this request for attorney fees, a Rule 37 motion to compel, was referred by this court to a magistrate for resolution. Upon plaintiffs' subsequent additional motion before the magistrate for an award of attorney fees pursuant to Fed.R.Civ.P. 37(a)(4) and for the costs incurred in making the motion to compel, the magistrate issued a Report and Recommendation granting a fee award to plaintiffs of $1,880. Because this court finds that a fee award in the context presented here was clearly erroneous, it declines to adopt the magistrate's report. Instead, for the reasons that follow, plaintiffs' motion for attorney fees is denied.

*Background:*

In November, 1984 plaintiffs served defendant with a set of interrogatories concerning the number of people who had responded to a notice sent out by the Social

Security Administration in October 1984. The notice, the adequacy of which is one of the principal issues in plaintiffs' law suit, informed claimants of their right to a reduction in the adjustment that the government was making in their S.S.I. benefits. These adjustments in S.S.I. benefits had been instituted to reimburse the Government for prior overpayments to claimants. The right to a reduction in this adjustment, which was communicated to over 78,000 claimants through this contested notice, was a direct result of a congressional mandate that no claimant be required to reimburse the Government at a rate higher than ten percent of his monthly income.

Plaintiffs' Interrogatories and the Government's December 1984 responses thereto, which were at issue in plaintiff's motion to compel, read as follows:

*Interrogatory No. 3:*

How many of the persons in the category described in Interrogatory No. 2 have responded to the notice sent to those persons between October 4 and October 10, 1984, advising them about reductions in adjustments?

*Response:*

The number of persons who have responded to the notice described in Interrogatory No. 2 above is unknown. The Social Security Administration does not maintain statistics of this nature.

*Interrogatory No. 4:*

How many of the persons who responded as described in Interrogatory No. 3 had adjustments in their benefits reduced to a 10% rate or lower?

*Response:*

See Response to Interrogatory No. 3 above.

*Interrogatory No. 6:*

How many of the reductions in adjustment were retroactive to October 1, 1984?

*Response:*

See Response to Interrogatory No. 3.

Understandably, plaintiffs were less than satisfied with these responses to questions 3, 4, and 6. On February 6, 1985 they brought an order to show cause to compel defendants to respond more fully, and the matter was forthwith referred to a magistrate. On February 15, defendant responded to the motion to compel by an affidavit reiterating its response that it maintained no statistics that would enable it to supply the information requested by plaintiffs. To account more fully for the lack of agency statistics on the matters queried in plaintiffs' interrogatories 3, 4, and 6, defendant described in detail its office procedures as to walk-in claimants. The walk-in claimants responding to the notice—and defendant contends that the bulk of those claimants who did respond did so by coming into the office—were not kept track of as such. Instead, walk-in claimants who requested recoupment adjustments had their benefit amount adjusted directly on the computer at the time of their visit to the local Social Security office.

Defendants also stated in their February affidavit that a computer run dealing with some of the information that plaintiffs had requested was in the process of being developed. This computer run, the Government offered, could be adjusted to provide data fairly responsive to plaintiffs' interrogatories, but it could not be completed until mid-summer.

At the February 19, 1985 conference subsequently held by the magistrate, plaintiffs indicated satisfaction with defendant's offer to supply them with information from this projected computer run, and it was accordingly ordered that the information be produced by July 1985. The July date was based on defendant's estimate that it would take that long to design the systems specifications and also to complete the computer run itself, given the shortage of available computer time in light of the enormous demands placed on the computer by the routine processing of government benefits checks.

A short time later, upon plaintiffs' motion and the submission of briefs and affidavits by both sides, the magistrate issued her report and recommendation to this court granting plaintiffs the attorney fees incurred in bringing the motion to compel.

## Discussion

Fed.R.Civ.P. 37(a)(4) provides for an award of attorneys fees to the prevailing party in a Rule 37 motion to compel. Specifically, this section states that "[i]f the [Rule 37] motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion ... to pay to the moving party the resonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust."

Before reaching the merits of plaintiffs' motion for attorney fees, it is first necessary to consider the applicable standard of review. According to the Magistrate's Act of 1978, which is meant to encourage the use of magistrates in order to ease the workload of district court judges, the standard of review for pretrial matters referred to a magistrate is the "clearly erroneous" or "contrary to law" standard. 28 U.S.C. Section 636(b)(1)(A) (where a judge has designated a magistrate to hear and determine any pretrial matter pending before the court, the judge may reconsider any pretrial matter so determined where "it has been shown that the magistrate's order is clearly erroneous or contrary to law.") See also *Empire Volkswagen, Inc. v. World-Wide Volkswagen Corp.*, 95 F.R.D. 398 (S.D.N.Y.1982) (review of discovery scheduling order); *Citicorp v. Interbank Card Assoc.*, 87 F.R.D. 43 (S.D.N.Y.1980) (order restricting discovery to certain types of information).

It is open to question whether this "clearly erroneous" standard should apply to the imposition by a magistrate of discovery sanctions under Rule 37(a)(4) since this is an exceptional type of pretrial matter. Such an award of expenses and attorney fees is a punitive measure meant to deter abusive and frivolous resort to the judiciary, and is not routinely imposed. Indeed, a Rule 37(a)(4) award is somewhat analogous to contempt sanctions in the context of discovery, as a punishment for obstructing the discovery process. Actual contempt sanctions, cannot be imposed by the magistrate before whom contemptuous behavior has occurred; rather, the magistrate must refer the recalcitrant litigant back to a judge for imposition of the sanctions. See 28 U.S.C. Section 636(e). Significantly, moreover, this court has found no reported decisions in which a magistrate has determined pretrial attorney fee sanctions under Rule 37(a)(4).

Whatever the most appropriate standard for review might be in the exceptional pretrial context of a Rule 37 fee award motion, it is not necessary to decide here. This is because, as discussed below, even under the "clearly erroneous" standard the magistrate's recommendation awarding attorney fees is rejected by this court.

■ An award of attorney's fees for plaintiffs' motion to compel is clearly erroneous under the facts of this case. This is because in light of the Government defendant's prior and quite arguably adequate responses to plaintiffs' interrogatories, its opposition to plaintiffs' Rule 37 motion was substantially justified. See Fed.R.Civ.P. 37(a)(4). Moreover, the equities in this situation make an award of expenses unjust. Plaintiffs were only nominally the prevailing party in the motion to compel. Furthermore, the magistrate's order to produce the information was a result of the Government's volunteering to create information from exceedingly voluminous raw data, that would be responsive to plaintiffs' needs. This was information not at all clearly required for adequate compliance with the original interrogatories.

Defendant opposed the motion to compel on the grounds that its responses to the

interrogatories had been quite adequate. It had stated simply that it did not possess the desired information because the Social Security Administration maintained no statistics on the particular matter sought. Defendant argued in opposition to plaintiffs' motion to compel that where no record exists, "the court cannot compel the impossible." Citing *Moss v. Lane Co.,* 50 F.R.D. 122, 128 (W.D.Va.1970), *aff'd in part, remanded in part,* 471 F.2d 853 (4th Cir.1973). Plaintiffs, on the other hand, argued essentially that it was "impossible" that the Social Security Administration did not possess the information requested. According to plaintiffs, since the agency had received responses to the 74,406 notices sent out, it could count the number received and compare it with the other figures on benefit adjustment and thereby supply plaintiffs with answers to interrogatories 3, 4, and 6. Thus, argued plaintiffs, the Government's "response" that no statistics were available was so evasive or incomplete that it constituted a failure to respond. See Fed.R.Civ.P. 37(a)(3).

The magistrate's award of attorney fees subsequent to her order compelling defendant to produce the computer information, information that defendant had already offered to supply, was based on her apparent conclusion that defendants had acted evasively in their November 1984 responses to plaintiffs' interrogatories. According to the magistrate's report, the fact that by February 1985 the Social Security Administration was in the process of preparing computer runs potentially productive of the sort of information previously requested by plaintiffs in November, seemed to prove that the information had not been impossible to come by at the time the interrogatories were served. Additionally, observed the magistrate, that defendants volunteered to adjust a currently planned computer run to develop the information required by plaintiffs, did not assist them in establishing their good faith; on the contrary, it supported a finding of Government evasiveness since no effort had been made to inform plaintiffs of this projected computer run prior to plaintiffs' filing of their Rule 37 motion.

Neither plaintiffs' arguments nor the magistrate's conclusions from the facts surrounding this discovery matter convince this court that an award of attorney fees is justified. This is because defendant's opposition to the Rule 37 motion was itself substantially justified under the facts of this case, and under Rule 37(a)(4) an award of expenses is not appropriate where the party opposing the motion is "substantially justified" in doing so.

■ A motion to compel may be made where a party has failed to respond to interrogatories or has answered so evasively or incompletely that the purposes of discovery are thwarted. Opposition to a motion to compel clearly would not be justified where no substantial question existed as to whether the allegedly non-cooperating party indeed had failed to comply. It is by no means obvious here, however, that the Government's response to plaintiffs' November 1984 interrogatories constituted a failure to respond. The Government's initial short answer that it did not keep statistics on the specific matters requested is very arguably an adequate one in light of the vast bulk and physical dispersion of S.S.I. claimant responses concerned. In a context such as this, if statistics on claimant responses themselves were not maintained, then the information is quite literally not available, plaintiffs' reasonable suspicions notwithstanding.

This situation is quite distinguishable from one where a party has, in effect, willfully failed to comply with discovery by construing interrogatories in such a literal fashion as to avoid supplying information that is in fact within its possession and that it understands quite well to be the object of the discovery request. See *Hunter v. International Systems & Controls Corp.,* 56 F.R.D. 617, 623 (W.D.Mo.1972). Nor is this a situation where the discovered party has refused to answer, or gives inadequate responses, simply because he would have to consult books or documents to prepare a response, see *King v. Georgia Power Co.,*

50 F.R.D. 134 (N.D.Ga.1970), or otherwise failed to make a good faith effort to obtain information from sources within its control. See *Milner v. National School of Health Technology*, 73 F.R.D. 628 (E.D.Pa. 1977).

█ The fact that the Government later discussed with plaintiffs the possibility that an extensive computer run could produce information responsive at least to plaintiffs' needs in this litigation, does not render defendant's actual responses to the original interrogatories themselves bad faith responses. Furthermore, the record contains no finding, no evidence, or even no contention that defendants knew of the projected computer run at the time they first answered the interrogatories in November, much less that they deceitfully withheld such information.

█ Finally, this is not a situation where defendant's proper remedy would have been to apply for a protective order based on burdensomeness, instead of replying, as it did, that applicable statistics were not maintained. It is not necessary to apply for a protective order in a situation where the information requested does not exist in the discovered party's records. On the contrary, an answer to interrogatories that denies possession of the requested records is an adequate response if the responding party specifically states that the information is unavailable. If the other side still believes that certain records containing the desired information do exist, then it should call for their production specifically. *Maple Drive-In Theatre Corp. v. Radio-Keith-Orpheum Corp.*, 153 F.Supp. 240 (S.D.N.Y.1956).

Plaintiffs' belief here that it was impossible that the Government did not possess the information in question is surely understandable, and is surely more than enough to support a good faith motion to compel based on alleged Government evasiveness. It is not enough, however, to support a claim that plaintiff is entitled to the costs of making the motion. Such a claim cannot succeed where substantial justification did exist for opposing the motion to compel.

This substantial justification is apparent in defendant's responsive affidavit describing office procedures with regard to walk-in claimants to explain why the requested statistics did not in fact exist. It is also apparent in a survey of the relevant case law used by defendant to support its resistance to plaintiffs' motion to compel.

Since this court has determined that the magistrate's award of attorney fees was clearly erroneous, it is unnecessary to address the Government's contention that the fees awarded were erroneously calculated. It is worthy of note, however, that in the Second Circuit the law is clear that contemporaneous time records are required for the calculation of attorney fees awards. See *New York State Association for Retarded Children v. Carey*, 711 F.2d 1136, 1147 (2nd Cir.1983). Additionally, the explicit requirement in Rule 37(a)(4) that before expenses and attorneys fees are awarded there be an opportunity for a hearing, an apparent defect in the proceedings below, should also be emphasized.

Plaintiffs' motion for attorney fees under Rule 37(a)(4) is denied, this court having found that substantial justification existed for defendant's opposition to the motion, and that furthermore the equities of this dispute would make a fee award unjust.

So ordered.