In re Wayne Franklin LANG, Debtor.

Ernestine MOORE, et al., Plaintiffs,

v.

Wayne Franklin LANG, Defendant.

Bankruptcy No. B88–4705.
Adv. Nos. B88–0128, B88–0129.

United States Bankruptcy Court,
N.D. Ohio, E.D.

Sept. 8, 1989.

Judgment Oct. 30, 1989.

John F. Hersch, UAW–Ford Legal Services Plan, Brooklyn Hts., Ohio.

N. Stephen Nigolian, Cleveland, Ohio.

Lenore Kleinman, Mary Ann Rabin Co., L.P.A., Cleveland, Ohio.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

The first matter before the Court is Defendant's motion for a protective order pursuant to Rules 26(c) and 30(d), Fed.R.Civ.P., in the above-captioned consolidated adversary proceedings. Debtor requests protection against the taking of his deposition contending that under the rules the Court has authority to issue such an order to protect him from annoyance, embarrass-ment, oppression, or undue burden or expense. Debtor wishes to be exempted from a pre-trial deposition on the grounds that the transcripts of several other depositions are available to the Plaintiffs.

Plaintiffs respond by saying that they have conducted a Rule 2004(b), Bankr.R. examination of the Debtor but have never taken a deposition. The fact that depositions have been taken in the other six adversaries filed against this Debtor and presently pending before this Court is immaterial since the matters Plaintiffs wish to discover are different from those dealt with in previous depositions.

Bankruptcy Rule 7026 incorporates Rule 26, Fed.R.Civ.P., which provides in part:

(c) Protective Orders. Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, ...

A party seeking a protective order has the burden of showing that good cause exists for the issuance of that order. *In re "Agent Orange" Product Liability Litigation*, 821 F.2d 139, 145 (2nd Cir.1987), *cert. denied, Dow Chemical Co. v. Ryan*, 484 U.S. 953, 108 S.Ct. 344, 98 L.Ed.2d 370 (1987). A prohibition against the taking of an oral deposition is a very unusual procedure, and a party seeking such a prohibition bears a heavy burden. *See* 8 Wright & Miller, Federal Practice & Procedure, § 2037 (1988 Sup.); *In re McCorhill Publishing, Inc.* 91 B.R. 223, 225 (Bankr.S.D. N.Y.1988). Here Defendant has failed to meet that burden. The availability of some of the information from other sources and the additional time required of the Defendant do not provide sufficient cause to prohibit the taking of a deposition. *See, e.g., Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir.1979); *Wright v. Patrolmen's Benev. Ass'n.* 72 F.R.D. 161 (D.C.N.Y.1976); *Blankenship v. Hearst Corp.*, 519 F.2d 418 (9th Cir.1975); *Less v. Taber Instrument Corp.*, 53 F.R.D. 645 (D.C.N.Y.1971); *Mi-*

*chels v. Ripley,* 1 F.R.D. 332 (D.C.N.Y. 1939).

Debtor was examined on April 20, 1989, pursuant to Rule 2004, Bankr.R., prior to the filing of the instant adversaries on April 27, 1989. The purpose of a Rule 2004 examination is to allow the court to gain a clear picture of the condition and whereabouts of the bankrupt's estate. *See Cameron v. United States,* 231 U.S. 710, 34 S.Ct. 244, 58 L.Ed. 448 (1914). The Rule contemplates a broad and far-reaching inquiry into the debtor's affairs. *See In re GHR Energy Corp.,* 33 B.R. 451, 453, 10 B.C.D. 1432 (Bankr.D.Mass.1983).

Once an actual adversary proceeding has been initiated, "the discovery devices provided for in Rules 7026–7037 . . . apply and Rule 2004 should not be used." 8 Collier on Bankruptcy ¶ 2004.03[1] at pp. 2004–5–2004–6 (15th Ed.1989). The purpose of this distinction is to balance the far-ranging scope of a Rule 2004 examination, which offers limited protection, with the more protected discovery process of the federal rules. *Id.* at 2004–6.

Because they are broader in scope and have fewer protections, Rule 2004 examinations differ from depositions under the federal discovery rules in the manner in which they can be used. A deposition of a party has a much broader applicability in subsequent evidentiary proceedings, while the use of testimony given at a Rule 2004 examination is more limited. Therefore a Rule 2004 examination is not a substitute for a deposition, and debtor's assertion that plaintiff cannot take a deposition because there has been a Rule 2004 examination of the same debtor is not well-taken. Further, the movant has failed to comply with Local Civil Rule 3.04, and for that addition-

al reason the motion for a protective order is hereby denied.[1]

■ The Court now considers the Plaintiff's motion for an order to compel Debtor to answer interrogatory number four in both adversaries at bar and number five in Adversary B89–129. The questions and answers given are as follows:

4. State fully and completely a list of your assets and liabilities on June 22, 1987.

Answer: Not available or readily ascertainable.

5. State fully and completely a list of your assets and liabilities on October 2, 1987.

Answer: See answer to Interrogatory No. 4.

Fed.R.Civ.P. 37, made applicable to adversary proceedings through Bankr.R. 7037, states in pertinent part:

(a)(2) If a . . . party fails to answer an interrogatory submitted under Rule 33 . . ., the discovering party may move for an order compelling an answer . . .

(3) Evasive or Incomplete Answer. For the purposes of this subdivision an evasive or incomplete answer is to be treated as a failure to answer.

In determining whether to grant a motion to compel, the court must balance the burden on the interrogated party against the benefit that having the information would provide to the party submitting the interrogatory. Wright & Miller, *Federal Practice & Procedure:* Civil § 2174; *Rich v. Martin Marietta Corp.,* 522 F.2d 333 (10th Cir.1975). Here plaintiff objects to discharge of three promissory notes signed by the debtor. Debtor's ability and intent to repay those notes are directly related to his financial status at the relevant times.

---

1. RULE 3.04. PRETRIAL DISCOVERY CONFERENCES

Counsel are encouraged to participate in pretrial discovery conferences to reduce in every way possible the filing of unnecessary discovery procedures. To curtail undue delay in the administration of justice, no discovery procedure filed under Rules 26 through 37 of the Federal Rules of Civil Procedure to which objection or opposition is made by the responding party shall be taken under consideration by the Court

unless the party seeking discovery shall first advise the Court in writing that, after personal consultation and sincere attempts to resolve differences, the parties are unable to reach an accord. This statement shall recite those matters which remain in dispute, and, in addition, the date, time and place of such conference, and the names of all parties participating therein. It shall be the responsibility of counsel for the party seeking discovery to initiate such personal consultation.

Although preparation of a direct answer may be time-consuming, the information is crucial to the issues of this suit, and it is in the exclusive custody of the defendant. *King v. Georgia Power Co.*, 50 F.R.D. 134, 136 (N.D.Ga.1970). A party cannot refuse to answer an interrogatory simply because he would have to consult books or documents in order to prepare a response. *Id.* at 138, quoting 4 Moore's *Federal* Practice, ¶ 33.22, 238, n. 4 (2nd Ed.1968).

Rule 7033(c) gives debtor the option of providing his business records for the relevant times to plaintiff if the burden of ascertaining the answer to the interrogatories from these records is substantially the same for both sides. Debtor is directed either to avail himself of this option or to file a Supplemental Answer to Interrogatories Nos. 4 and 5 on or before September 15, 1989.

To permit the parties additional time to complete discovery, the Court sets the following new schedule.

Discovery Cut-off Date: 10–16–89

Dispositive motions no later than: 10–24–89

Final Pre-trial: 12–13–89 @ 2:00 P.M.

Trial: 12–14–89 @ 8:30 A.M.

IT IS SO ORDERED.

JUDGMENT

A Memorandum Of Opinion and decision having been rendered by the Court in these proceedings,

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Debtor's motion for a protective order is denied, and Plaintiff's motion to compel is granted.