**In re William McLAREN, Debtor.**

**William LONGO, Sr., Plaintiff–Appellee,**

v.

**William McLAREN, Defendant–Appellant.**

**No. 5:92 CV 638.**

United States District Court, N.D. Ohio, E.D.

Aug. 13, 1992.

See also 136 B.R. 705.

Robert R. Kracht, George V. Pilat, Robert W. McIntyre, McIntyre, Kahn & Kruse, Cleveland, OH, for William J. McLaren.

Sheldon Stein, Jack M. Schulman, Schulman, Schulman & Meros, Cleveland, OH, for William Longo, Sr.

## MEMORANDUM OPINION

DOWD, District Judge.

### I. INTRODUCTION AND FACTUAL BACKGROUND

Defendant-appellant William McLaren (hereafter "appellant") appeals the decision of the bankruptcy court which found that his debts owed to plaintiff-appellee William Longo, Sr. (hereafter "appellee") were not dischargeable under the bankruptcy laws of Chapter 11. This court affirms the decision of the bankruptcy court.

The decision of the bankruptcy court quite precisely lays out the factual history surrounding the case, making it necessary to merely summarize those facts for purposes of this appeal. Appellee, a high school graduate, realized a significant amount of money from the sale of his family's business. An unsophisticated investor, appellee turned to appellant, a stockbroker and financial advisor, in early 1985 for guidance in investing his newly acquired fortune.

Appellee originally expressed to appellant an interest in investing in municipal bonds, but appellant convinced appellee to invest in other, more risky endeavors in which appellant had personal interests instead. This lawsuit centers around three such investments, which each proved to be a financial disaster for appellee.

The first investment involved the acquisition of a partnership interest in a an oil venture known as Peroil. Appellant convinced appellee to invest $300,000 in this project. The next project involved the payment of $400,000 in connection with the proposed acquisition and syndication of a strip shopping center near Cleveland known as Northfield Plaza. The third venture involved a $350,000 investment on the part of appellee, which appellant represent-

ed as a loan, to cover the start-up costs of a limited partnership which was to own and operate another strip shopping center in Columbus, Ohio known as Westland Plaza.

Appellant filed for bankruptcy under Chapter 11 of the Bankruptcy Code on December 22, 1988. At the time appellant owed more than $10,000,000, including the $1,050,000 owed to appellee. The bankruptcy court converted the motion into Chapter 7 after an unsuccessful attempt to reorganize. Discharge was granted on August 27, 1990. Appellee subsequently filed suit against appellant in bankruptcy court seeking a ruling challenging the decision to discharge the debts owed to appellee on the grounds of fraudulent inducement. On September 5, 1991, Judge David F. Snow, in a lengthy and well reasoned opinion, found in favor of appellee and held that the debts incurred from the three projects were not dischargeable. It is from that decision that appellant seeks relief.

Appellant advances three arguments in favor of reversal of the bankruptcy court's determination that the debts owed to appellee are not dischargeable. First, appellant argues that there was insufficient evidence to establish appellee's claim of fraudulent inducement. Second, appellant argues that the trial court erred in denying appellant's request for a jury trial. Third, appellant argues that the trial court erred when it admitted the Rule 2004 Examination into evidence at trial. Each of these arguments were raised and rejected by the trial court.

## II. *LAW AND DISCUSSION*

■ For the reasons set forth in the bankruptcy court's opinion, the court denies appellant's first two arguments finding that there was sufficient evidence to support a finding of fraud[1], and that appellant was not entitled to a jury trial on a matter properly before the bankruptcy court. The court finds, however, that appellant's third argument, which addresses the admission of the Rule 2004 Examination, warrants comment.

■ During the course of bankruptcy proceedings, a party may seek a Rule 2004 Examination of any party in interest in a bankruptcy proceeding. 11 U.S.C., Rule 2004 provides:

(a) **Examination on motion**

On motion of any party in interest, the court may order the examination of any person.

(b) **Scope of examination**

The examination of any person under this rule or of the debtor under § 343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge.

"The purpose of a Rule 2004 examination is to allow the court to gain a clear picture of the condition and whereabouts of the bankrupt's estate." *In re Lang*, 107 B.R. 130 (Bankr.N.D.Ohio 1989).

■ Prior to the filing of the present lawsuit, a Rule 2004 examination of appellant was conducted, and the minutes memorialized. At trial, appellant chose not to testify and appellee moved to admit portions of appellant's Rule 2004 testimony into evidence. Appellant objected to the admission of this testimony, but argued that if any portion of the examination was going to be admitted, that the entire transcript should be admitted. The court overruled appellant's initial objection, but ruled that the entire transcript was to be admitted.

At the trial court level, and on appeal appellant advances several sub-arguments which challenge the admission of the Rule 2004 Examination. The majority of these arguments lack merit and were appropriately dismissed by the bankruptcy court. This court does, however, wish to address appellant's argument that Rule 2004 Examination testimony may not properly be admitted in an adversary proceeding.

---

**1.** As the bankruptcy court found, this court finds that the appropriate standard of proof to be applied to claims of fraud in bankruptcy proceedings is preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

Appellant cites numerous cases which emphasize the stark contrast between the procedures followed during a Rule 2004 Examination and those employed during a deposition under the Federal Rules of Civil Procedure. As appellant notes, fewer protections are afforded to the deponent in a Rule 2004 Examination than one conducted under the Federal Rules. *In re Lang, supra,* and *In re Fearn,* 96 B.R. 135 (Bankr. S.D.Ohio 1989). The courts have held that a Rule 2004 deponent is not entitled to certain rights afforded automatically under the Federal Rules such as the right to counsel, and the right to object to questions posed. *In re GHR Energy Corp.,* 33 B.R. 451 (Bankr.D.Mass.1983).

These differences, however, do not bar the use of Rule 2004 Examination testimony at trial in an adversary proceeding. Courts have repeatedly upheld the admission of such testimony. *First National Bank v. Syrtveit,* 105 B.R. 596 (Bankr. D.Mont.1989); *Sullivan v. Tracey,* 76 B.R. 876 (Bankr.D.Mass.1987); and *Medical Center v. Keller Bank,* 62 B.R. 108 (Bankr. S.D.Tx.1986).

Further, admission of appellant's Rule 2004 testimony was particularly appropriate in light of the circumstances under which this particular examination was conducted. At his Rule 2004 Examination, appellant was represented by counsel who participated actively. Also, as the bankruptcy court noted, appellant did not move to have the Rule 2004 Examination treated confidentially. In fact, appellant himself made the transcript part of a matter of public record by attaching it to a pleading he filed on June 4, 1990, as part of the present case. As such, it was not error to admit the Rule 2004 Examination into evidence.

## IV. CONCLUSION

For the foregoing reasons, the bankruptcy court's decision is AFFIRMED.

IT IS SO ORDERED.

*JUDGMENT ENTRY*

For the reasons more fully set forth in the court's Memorandum Opinion filed contemporaneously with this Judgment Entry, the court finds that the appellant William McLaren's objections to the bankruptcy court's ruling that the $1,050,000 debt owed by appellant McLaren to appellee William Longo, Sr. were not dischargeable are without merit. The decision of the bankruptcy court is affirmed.